LILES, Acting Chief Judge.
The Florida Citrus Commission, pursuant to Fla.Stat.Ch. 601, F.S.A., enacted regulation 105-1.35 prohibiting, inter alia, the display in field boxes for sale, and the sale, of round oranges more than 10% of which are a size smaller than 28Ae inches in diameter.
Estero River Groves, Inc., a closed corporation owned by Clyde C. Marshall, was fined for violation of this regulation in that he sold undersized fruit on three separate occasions. Estero stipulated that he *431 had sold undersized fruit and at the con-elusion of the hearing- Estero was fined $500 and its license to operate a road-side fruit stand was withheld by the Citrus Commission.
The record reveals that Estero operates a road-side fruit stand and sells the fruit grown by Marshall, some of which is undersized and some of which, of course, complies with the size standard. He receives more for his fruit that meets size requirements than he does for undersized. He attempts to grow fruit as large in size as possible. But his grove is an old grove and because of this he is unable to produce all of his fruit to meet the size specification. It is permissible for him to juice this undersized fruit and sell the juice. It is impermissible under the regulation for him to sell the fruit itself. He does not ship any undersized fruit. The consumer is able to inspect, touch, feel and taste the fruit before the purchase is made.
The Florida Department of Citrus has filed a motion to intervene in this cause and the petitioner has agreed to the intervention. They have also filed a motion to dismiss for want of jurisdiction and raise the following question:
Does this Court have jurisdiction to review by certiorari a final administrative order of the Commissioner of Agriculture under Fla.Stat. 120.31?
The petitioner asks this court by way of certiorari to declare this regulation invalid as to this class of citrus growers.
It is our opinion that this court has jurisdiction and that the order sought to be reviewed is based upon the regulation promulgated by the Citrus Commission, 105-1.35, which prohibits the sale of undersized fruit. The statute is plain that this court shall review by certiorari an order of an administrative body.
“ . . . the final orders of an agency entered in any agency proceeding, or in the exercise of any judicial or quasi-judicial authority, shall be reviewable by certiorari by the district courts of appeal within the time and manner prescribed by the Florida appellate rules.” Fla.Stat. § 120.31(1). (Emphasis added.)
Therefore, having determined that we have jurisdiction, we pass then to the validity of the regulation.
The entire purpose of the Citrus Commission is to promulgate rules and regulations, pursuant to the authority granted to them in Ch. 601, F.S.A., to improve and promote one of Florida’s most important industries. Another purpose, however, is to protect the consumer of citrus products and this chapter has been held to be constitutional by our Supreme Court. However, this is a case of first impression as to this particular regulation, i. e., 105— 1.35. It is contended by petitioner that this regulation should be declared void as being unreasonable, arbitrary and capricious. We agree.
We must look to what the regulation does to this class of growers. It certainly does not enhance or protect the producer from any harmful effects. He attempts to grow large oranges and he gets a higher price for those large oranges. He juices as many of the small ones as he is able to and sells the juice, but he cannot juice all of his undersized oranges. He does not purchase undersized oranges from other growers to sell in his fruit stand. He may sell his undersized oranges to other fruit stands to be juiced but not to be sold as fresh fruit. Therefore, there is no enhancement or protection to him in the regulation.
The consumer is not protected by this regulation because he is able to look at, examine, inspect and even taste the orange before he purchases it. He may do this to the undersized as well as the standard size fruit. If the purchaser chooses to buy the larger orange he pays more for it. If he chooses to buy the undersized, he pays less for it, but the quality is the same. There *432 fore this regulation does not protect the consumer.
For the foregoing reasons, we believe this regulation as applied to this class of citrus producers is arbitrary, capricious and unreasonable, and therefore the regulation is void.
Certiorari granted.
HOBSON, J., concurs.
McNULTY, J., dissents with opinion.